IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EMILY R. LITTEN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 1828 |
| ) | |
| **NURIDDIN RAKHMANOV** and ) | |
| **UZ AUTO TRANSPORTATION, INC.**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

It never ceases to amaze this Court that despite (1) the passage of more than two centuries since Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) was decided and (2) the uniform teaching to every first-year law student that a person's state of citizenship (that is, domicile) and his or her residence are not necessarily synonymous (though they may most frequently coincide), too many counsel who seek to invoke the diversity-of-citizenship branch of federal jurisprudence continue to plead in terms of "residence."  No wonder our Court of Appeals has so frequently repeated the Draconian message succinctly reiterated in Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004):

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

Although this Court will comply with that mandate in this instance, no useful purpose would seem to be served by compelling plaintiff's counsel to rewrite the Complaint if diversity is in fact present here and counsel wishes to stay in the federal court system.  If then counsel were to file a timely and appropriately supported Fed. R. Civ. P. 59(e) motion to cure the flaws in the

Complaint, accompanied by a check for $400 (the equivalent of the filing fee that would have had to paid for a second lawsuit to replace the dismissed action), this Court would be prepared to entertain such a motion.

                                                            _____
                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: February 16, 2016